UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNSON LAMONT,<br>　　　　Plaintiff(s),<br>v.<br>GOLD COAST CASINO,<br>　　　　Defendant(s). | Case No. 2:24-cv-01068-CDS-NJK<br><br>**REPORT AND RECOMMENDATION** |

　　　Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3. Plaintiff responded in the form of an amended complaint. *See* Docket No. 5-1.[1] Plaintiff also filed an application to proceed *in forma pauperis*, Docket No. 5, triggering the Court's screening duty, *see* 28 U.S.C. § 1915(e).

　　　The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Plaintiff's amended complaint does not establish subject matter jurisdiction. The amended complaint indicates that federal question jurisdiction[2] exists because Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, *see* Docket No. 5-1 at 1, but that provision applies to defendants acting under color of state law, *see West v. Atkins*, 487 U.S. 42, 48-50 (1988). A defendant acts under color of law if the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation omitted). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wy. Bank, N.A.,* 707 F.2d 388, 389 (9th Cir. 1983).[3] Plaintiff's amended complaint provides no allegation of any kind related to action by any state actor. Plaintiff attempts to shoehorn his allegations concerning a casino into a federal cause of action by claiming that the casino employees were "impersonating law enforcement officers" during the incident alleged. *See* Docket No. 5-1 at 2. Such an allegation does not transform a casino into a state actor. *See, e.g.*, *Perez-Morciglio v. Las Vegas Metro. Police Dept.*, 820 F. Supp. 2d 1100, 1107 (D. Nev. 2011) (concluding that casino that took the plaintiff into its custody was not a state actor and explaining that, "[i]f the private actor is merely claiming power derived from the State with no actual delegation or abdication by the State, the private actor's mere attempts to perform traditional public functions do not suffice to make the private actor a state actor").

In short, Plaintiff has not shown that federal subject matter jurisdiction exists. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to Plaintiff seeking relief in state court.

Dated: July 8, 2024

Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff has not invoked another basis for jurisdiction, such as diversity jurisdiction.

[3] This principle is subject to limited exceptions that are not implicated by Plaintiff's allegations.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).