UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lamont Johnson, | Case No.: 2:24-cv-01068-CDS-NJK |
|         Plaintiff | **Order Adopting Report and Recommendation and Closing Case** |
|   v. | [ECF No. 6] |
| Gold Coast Casino, | |
|         Defendant | |

Plaintiff Lamont Johnson, proceeding pro se, brings this civil rights action against defendant Gold Coast Casino under 42 U.S.C. § 1983. Compl., ECF No. 1-1. After reviewing the complaint, Magistrate Judge Nancy Koppe issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Order, ECF No. 3. Johnson responded to the show-cause order by filing an application to proceed *in forma pauperis* (IFP) and an amended complaint. ECF No. 5. I now consider Judge Koppe's July 8, 2024 report and recommendation (R&R) that this case be dismissed for lack of subject matter jurisdiction. R&R, ECF No. 6.

The deadline for Johnson to object to the R&R was July 22, 2024. *Id.* at 3; *see also* Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). As of the date of this order, Johnson has neither objected to the R&R nor requested more time to do so. If there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1    Nonetheless, I conduct a de novo review to determine whether to adopt the R&R. In the

2  amended complaint, Johnson alleges that Gold Coast was acting under color of state law when

3  it violated his Fourth and Fourteenth Amendment rights. ECF No. 5-1 at 2–3. Johnson asserts

4  that Gold Coast was acting under color of state law by "impersonating Law Enforcement

5  officers" and because "[d]efendants are not employed as Law Enforcement Agents [but] they

6  acted as such[.]" *Id.* However, "private parties are not generally acting under color of state law."

7  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Further, Johnson has failed to provide a

8  sufficient nexus showing that Gold Coast conspired with the state or one of its officials to hold

9  Gold Coast—a private party—responsible as a governmental actor. *Fonda v. Gray*, 707 F.2d 435,

10  437 (9th Cir. 1983) ("A private party may be considered to have acted under color of state law

11  when it engages in a conspiracy or acts in concert with state agents to deprive one's

12  constitutional rights."). Because Johnson fails to show that Gold Coast acted under color of state

13  law and thus fails to state a claim for relief under federal law on the face of the complaint, I agree

14  with Judge Koppe's finding that Johnson fails to establish a basis for subject matter jurisdiction.

15  Given the failure to establish subject-matter jurisdiction, the case must be dismissed. Fed. R.

16  Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

17  court must dismiss the action."). Consequently, Johnson's application to proceed IFP must be

18  denied as moot.

19                                          **Conclusion**

20    IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation

21  **[ECF No. 6] is adopted**; and this case is dismissed, without prejudice, for lack of subject matter

22  jurisdiction. In light of this dismissal, Johnson's motion for leave to proceed in forma pauperis

23  **[ECF No. 5] is denied as moot**. The Clerk of Court is kindly instructed to close this case.

24    Dated: August 1, 2024

25  _____

26  Cristina D. Silva
    United States District Judge

2